UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Carlos Rodriguez,

      Plaintiff,               CASE NO. 14-cv-61509-Bloom/Valle

v.

Hiday & Ricke, P.A., Joseph Michael Eckelkamp,
and Dodge Enterprises, Inc.,

      Defendants.
_____/

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT THEREOF

### DISPOSITIVE MOTION

Defendants Hiday & Ricke, P.A., hereinafter "HR," Joseph Michael Eckelkamp, hereinafter "Eckelkamp" and Dodge Enterprises, Inc., hereinafter "Dodge," and sometimes collectively referred to as "the defendants," by and through its undersigned counsel, and pursuant to Fed.R.Civ.P. 56, moves for summary judgment, and alleges:

1. Plaintiff Carlos Rodriguez, hereinafter "Rodriguez," filed a two count complaint against the defendants, one for violation of the Fair Debt Collection Practices Act, hereinafter "FDCPA," and one alleging violation of the Florida Consumer Collection Practices Act, hereinafter "FCCPA." The gravamen of the complaint is that the state court judgment entered against him is 'illegal' for want of service of process, that the defendants failed to issue both a validation notice and a notice of assignment and therefore defendants' collection efforts violate both the FDCPA and FCCPA.

2. The defendants, in their answer (contemporaneously filed with this motion), allege as affirmative defenses, inter alia, that the Court lacks jurisdiction over this case pursuant to the

1

*Rooker-Feldman* doctrine. The plaintiff is essentially requesting this Court invalidate the state court judgment. This Court is prohibited from doing so under *Rooker-Feldman*.

3.  As to the portion of the FDCPA claim that is not precluded by *Rooker-Feldman*, no FDCPA violation occurred because Dodge (through HR) sent a validation notice to Rodriguez. Likewise, as to the portion of the FCCPA claim that is not precluded by *Rooker-Feldman,* the FCCPA claim fails to state a claim upon which relief can be granted because compliance with Fla.Stat. §559.715 does not violate the FCCPA.

4.  Accordingly, as a matter of law, the defendants neither violated the FDCPA nor the FCCPA as alleged by Rodriguez.

<u>MEMORANDUM OF LAW IN SUPPORT</u>

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court's task is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The purpose of summary judgment is to dispose of unsupported claims or defenses which, as a matter of law, do not raise issues of material fact suitable for trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

A district court may take judicial notice of certain facts in connection with a motion for summary judgment. *See,* <u>Horne v. Potter</u>, 392 F. App'x 800, 802 (11th Cir. 2010). These facts can include pleadings and orders in a prior case if they "[are] public records that [are] not subject to reasonable dispute because they [are] capable of accurate and ready determination by resort to

2

sources whose accuracy [can] not reasonably be questioned." *Id.* (citations and internal quotation marks omitted). "[A] court may take notice of another court's order for the limited purpose of recognizing the judicial act that the order represents or the subject matter of that litigation." Haddad v. Dudek, 784 F. Supp. 2d 1308, 1324 (M.D. Fla. 2011) (alteration omitted; internal quotation marks omitted) (quoting United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994)).

PROCEDURAL HISTORY AND FACTS

In 2002, HR was retained by Sears, Roebuck & Co., hereinafter "Sears," to collect an unpaid balance due on a credit card that Sears claimed Rodriguez owed. Suit was eventually filed against Rodriguez in a Dade County Court case styled Sears, Roebuck & Co., plaintiff v. Carlos Rodriquez, defendant, Case No. 2002-26876-CC-23. A true and correct copy of the state court docket is attached hereto and made a part hereof as Exh. 1. Service of process was made upon Rodriguez. (Exh. 1 entry dated 11/25/02). After filing a motion for default with notice to Rodriguez, (Exh. 1 entry dated 1/21/03), a final judgment was entered against him. (Exh. 1 entry dated 1/29/03; *see also* Exh. 2.) After issuing limited post judgment discovery, (Exh. 1 entries dated 4/10/03, 5/15/03, and 5/29/03), Sears instructed HR to close its file. (Defendants' Affidavit.) The file remained dormant for over four years until December 24, 2007, when Dodge, as Sear's assignee, filed its notice of assignment jointly with HR filing its notice of appearance on behalf Dodge. (Exh. 1 entry dated 12/24/07; *see also* Exh. 3). This notice along with HR's initial communication (i.e., the required validation notice required by 15 U.S.C. §1692g(a)) were simultaneously sent to Rodriguez on December 18, 2007. (Defendants' Affidavit and its Exh. A.)

Dodge then commenced executing on the judgment and obtained a writ of garnishment (Exh. 1 entry dated 9/3/08) for which Rodriguez was provided a notice of garnishment, the garnishee's answer and a copy of the writ. (Exh. 1 entries dated 9/25/08, 11/3/08.)  Thereafter,

the state court entered final judgment in garnishment. (Exh. 1 entry dated 12/16/08.) No further action was taken for fourteen (14) months until Dodge pursued discovery in aid of execution from Rodriquez, (Exh. 1 entries dated 2/8/10,  3/12/10, 4/13/10), after which Dodge instructed HR to close its file. (Defendants' Affidavit). HR closed its file at that time.

Nearly four years later, Dodge re-placed the file with HR and on November 22, 2013, HR again sent a validation notice to Rodriguez. (Defendants' Affidavit and its Exh. B.) After issuing to Rodriguez a notice of intent to serve subpoena, (Exh. 1 entry dated 1/13/14), and filing a motion for order to perfect a motor vehicle lien, (Exh. 1 entry dated 2/12/14), Dodge filed a motion for continuing writ of garnishment. (Exh. 1 entry dated 3/21/14). HR issued a notice of hearing for May 29, 2014, on the motion for order to perfect motor vehicle lien. (Exh. 1 entry dated 3/25/14.) In response, Rodriguez filed his motion and affidavit in support of relief from void judgment, (Exh. 1 entries dated 4/14/14 and 5/14/14[1]), and both an affidavit and a claim of exemption against the garnishment. (Exh. 1 entries dated 4/28/14). In support of his motion for relief from judgment, Rodriguez alleged that he was not served with process which is essentially the basis of his complaint in this action. (Exh. 4). The state court noticed Rodriguez's claim of exemption for a hearing for May 15, 2014. (Exh. 1 entry dated 5/5/14.)

The state court conducted an evidentiary hearing on Rodriguez's claim of exemption which was attended by Eckelkamp and Rodriguez.  His claim of exemption was granted and the continuing writ of garnishment was dissolved. (Exh. 1 entry dated 5/15/14). Thereafter, Rodriguez failed to appear for the May 29, 2014, hearing on Dodge's motion to perfect motor vehicle lien for which the state court entered an order granting Dodge's motion. (Exh. 1 entry dated 6/6/14.).  In response to that order, Rodriguez filed his motion and affidavit objecting to

---

[1] The docket reflects a duplicate filing for these documents. Defendants believe that the motion and affidavit were re-filed after Rodriguez paid the state court file reopening fee required by Fla.Stat. §34.041(2).

4

the lien placement on the vehicle. (Exh. 1 entry dated 6/26/14). HR noticed for hearing Rodriquez's objection to the order perfecting motor vehicle lien which is scheduled for hearing on September 2, 2014. (Exh. 1 entry dated 7/22/14). Rodriguez's motion for relief from the state court judgment has not been scheduled for hearing. Rodriquez filed this action on July 1, 2014, in an attempt to circumvent the state court from ruling on the validity of the judgment and to avoid the presumptively valid judgment. The *Rooker-Feldman* doctrine bars this very type of activity.

ARGUMENT

(I)     Rooker-Feldman Doctrine

Both Counts in the complaint are predicated upon Rodriguez alleging that he was not served with process resulting in a void judgment, (Compl. ¶¶ 21, 23, 28, 33, 36(a)-(e), 38, 42 and 43)[2], compelling this Court to evaluate his claims in light of the *Rooker-Feldman* doctrine. *Rooker-Feldman* proscribes federal district courts from reviewing state court judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009) (citation omitted). "The doctrine applies both to federal claims raised in the state court and to those 'inextricably intertwined' with the state court's judgment." *Id.* (citation omitted). "A claim is inextricably intertwined if it would 'effectively nullify' the state court judgment, or it 'succeeds only to the extent that the state court wrongly decided the issues.'" *Id.* (citations omitted).

---

[2] Rodriguez has filed a shotgun pleading. (*See* Compl. ¶ 33 (" Plaintiff alleges and incorporates the information in ¶¶ 1-32."); *id.* ¶ 38 ("Plaintiff alleges and incorporates the information in ¶¶ 1-37)). "Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense. [S]hotgun pleadings wreak havoc on the judicial system. Such pleadings divert already stretched judicial resources into disputes that are not structurally prepared to use those resources efficiently." Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1279 (11th Cir. 2006) (alteration in original; citations and internal quotation marks omitted). In a shotgun pleading "any counts not dismissed on other grounds [will be dismissed] as deficiently plead under the Federal Rules of Civil Procedure." Degirmenci v. Sapphire-Fort Lauderdale, LLLP, 693 F. Supp. 2d 1325, 1336 (S.D. Fla. 2010).

The *Rooker-Feldman* doctrine is confined to cases that, like *Rooker* and *Feldman*,[3] were 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Vasquez v. YII Shipping Co., Ltd., 692 F.3d 1192, 1195-96 (11th Cir. 2012) (emphasis and footnote call number omitted) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005)). The Eleventh Circuit has held that claims brought under the FDCPA are subject to the constraints of the *Rooker-Feldman* doctrine. *See* Harper v. Chase Manhattan Bank, 138 F. App'x 130, 133 (11th Cir. 2005). Where plaintiffs "seek money damages instead of an outright overturning of the state-rendered judgments," it does not change the applicability of the doctrine if "money damages would only [have been] available in the first instance if the state court's decision . . . [was] found to have been wrongful." O'Neal v. Bank of Am., N.A., No. 8:11-cv-107-T-17-TGW, 2012 U.S. Dist. LEXIS 25046, 2012 WL 629817, at *6 (M.D. Fla. Feb. 28, 2012) (citations omitted). Put differently, a plaintiff cannot assert a violation of the FDCPA "'by seeking exactly what the state court awarded.'" Stefanski v. McDermott, No. 1:08-cv-00123, 2009 U.S. Dist. LEXIS 12379, 2009 WL 418254, at *4 (N.D. Ind. Feb. 17, 2009) (quoting Kelley v. Med--1 Solutions, LLC, No. 1:07-cv-1245-SEB-JMS, 2008 U.S. Dist. LEXIS 9076, 2008 WL 345986, at *4 (S.D. Ind. Feb. 6, 2008)). *See also,* Perdomo v. HSBC Bank USA, 2014 U.S. Dist. LEXIS 46274 (S.D. Fla. Jan. 13, 2014).

Some courts recognize "an exception to the general rule that precludes a lower federal court from reviewing a state's judicial proceedings. A federal court 'may entertain a collateral attack on a state court judgment which is alleged to have been procured through fraud, deception, accident,

---

[3] Rooker v. Fid. Trust Co., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); Dist. of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).

or mistake.'" In re Sun Valley Foods Co., 801 F.2d 186, 189 (6th Cir. 1986) (quoting Resolute Ins. Co. v. North Carolina, 397 F.2d 586, 589 (4th Cir. 1968)). For this exception to apply the court must find evidence of facts such as fraud, accident, or mistake that deceived the state court into issuing the wrong decision. *See id.* Nevertheless, the Eleventh Circuit has not adopted any fraud-on-the-court exception to *Rooker-Feldman. See* Velazquez v. S. Fla. Fed. Credit Union, No. 12-15222, 546 Fed. Appx. 854, 2013 U.S. App. LEXIS 22848, 2013 WL 5977166, at *4 (11th Cir. Nov. 12, 2013) ("The exception to *Rooker--Feldman* that Velazquez seeks has not been recognized by this circuit . . . .") Furthermore, no such allegations have been made in this case even if the exception was applicable.

In the case at bar, Rodriguez alleges violations of both the FDCPA and the FCCPA because he was not served with process in the state court action.  He is simultaneously seeking the same relief in the state court.[4] For this court to find violations it must first rule on the question of service of process in the underlying state court case, a ruling that is specifically proscribed by *Rooker-Feldman* because it would require the Court to sit in appellate review of the state court judgment. Solis v. Client Services, Inc., 2013 U.S. Dist. LEXIS 310 (S.D. Fla., January 2, 2013). If Rodriguez takes issue with the legitimacy of the state court judgment, his remedy is to be found in state court. Accordingly, this Court should grant summary judgment for the defendants.

(II)     Count I: Violation of the FDCPA §1692(g)

Rodriguez's assertions in Count I that defendants violated §1692(g) (See, Compl. ¶¶ 36(f), (g)) do not require a finding that the debt sought to be collected from Rodriguez was valid

---

[4] *See* Compl. ¶ 37 (" Plaintiff Carlo Rodriguez, is seeking Potential Actual Damages if the alleged Plaintiff in case #2002-26876-cc23 filed in MIAMI DADE COUNTY Court prevails while violating the F.D.C.P.A.")

in order for him to prevail. A debt collector's failure to send a validation notice required by §1692g violates the FDCPA.

The FDCPA requires debt collectors to inform consumers of their right to require verification of the debt through what is commonly referred to as a "Validation Notice." Section 1692g(a) requires a debt collector, within five days of its initial communication with a consumer, to send a written notice stating the amount of the debt and the name of the creditor to whom the debt is owed. Sections 1692g(a)(1) & (2). This notice must include "a statement that unless the consumer, *within* thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." Section 1692g(a)(3). The notice must incorporate "a statement that if the consumer notifies the debt collector in writing *within* the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt." Section 1692g(a)(4). Finally, the notice must contain "a statement that, upon the consumer's written request *within* the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." Section 1692g(a)(5). (Emphasis added.)

In Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996), the Seventh Circuit Court of Appeals held that "essentially, the notice required by section 1692(g) must tell the target that she has 30 days to dispute the validity of the debt." The court in Lerner v. Forster, 240 F. Supp. 2d 233, 237 (E.D.N.Y. 2003) reached a similar conclusion, finding that a validation notice must only include the amount of debt, name of creditor, statement that debt's validity will be assumed unless disputed by consumer within thirty days, and offer to verify the debt and provide the name and address of original creditor to comply with the FDCPA. Even where a debtor has incurred a valid debt that a creditor is entitled to collect, a debt collector may violate the FDCPA if its methods in

attempting to collect the debt do not comply with the requirements of the FDCPA. *See* Solis v. Client Services, Inc., 2013 U.S. Dist. LEXIS 310 (S.D. Fla. January 2, 2013)(A violation of §1692b can be maintained even in light of the state-court judgment validating the debt).

After Dodge re-placed the file with HR to collect the judgment, on November 22, 2013, HR sent Rodriguez another validation notice. (Defendants' Affidavit and its Exh. C.)  Fifty-two (52) days after sending the validation notice, Dodge filed a notice of intent to serve subpoena and a same name affidavit (Exh. 1 entries dated 1/13/14 and 1/16/14) and commenced collection activity the following month when it filed its motion for order to perfect motor vehicle lien. (Exh. 1 entry dated 2/12/14). Dodge then applied for and obtained the issuance of a continuing writ of garnishment (Exh. 1 entries dated 3/21/14 and 3/31/14). More than five (5) months after the validation notice was sent, Rodriguez untimely demanded debt validation by way of notice filed in the state court. (Exh. 1 entry dated 4/28/14; Exh. 5.) *See* Compl. ¶ 22 ("On April 28, 2014, Plaintiff filed a Notice of Dispute for case 2002-26876-cc-23 as required by 15 USC 1692g requesting validation of the alleged debt. A copy of said notice was sent by certified mail to Defendants.") Although not legally required to respond to the belated request, HR replied on May 7, 2014. (Defendants' Affidavit and its Exh. "C.")

The defendants complied with the FDCPA by sending Rodriguez the validation notice required by §1692g after Dodge re-placed the file with HR for collection. More than 30 days passed before the defendants, or any of them, undertook collection efforts directed to Rodriguez. Without legal obligation to do so, HR responded to Rodriguez's belated "notice of dispute." There is no FDCPA violation. Accordingly, this Court should grant summary judgment for the defendants.

(III)    Count II: Violation of the FCCPA

In the portion of the FCCPA claim not precluded by *Rooker-Feldman,* Rodriguez alleges that the defendants they failed to comply with Fla.Stat. §559.715. *See* Compl. ¶ 41 ("Florida Statute 559.715 states: *This part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. However, the assignee must give the debtor written notice of such assignment as soon as practical after the assignment is made, but at least 30 days before any action to collect the debt. The assignee is a real party in interest and may bring an action to collect a debt that has been assigned to the assignee and is in default.* Defendants did not comply with Florida Rule 559.715 which is a condition precedent before commencing any action.")(Emphasis in the original).

This allegation does not fall within the purview of Fla.Stat. §559.72 because §559.77 only provides a private right of action for violations of § 559.72.[5] Trent v. Mortgage Elec. Registration Sys., Inc., 618 F. Supp. 2d 1356, 1364 (M.D. Fla. 2007) aff'd, 288 F. App'x 571 (11th Cir. 2008); Hayes v. United States Bank Nat'l Ass'n, 2014 U.S. Dist. LEXIS 88708 (S.D. Fla. June 30, 2014). Notwithstanding that there is no cause of action for failure to provide a notice of assignment, HR, actually did send a notice of assignment to Rodriguez on December 24, 2007, (Exh. 1 entry dated 12/24/07; *see also* Exh. 3), negating his claim. Even if such an action existed, it occurred well beyond the two year statute of limitation an aggrieved party can

---

[5] The nineteen subsections in §559.72, which can form the bases of private rights of action under the FCCPA, seek to curb actions such as: (1) threats of force or violence (§ 559.72(2)); (2) threats of intentionally making misrepresentations to damage an individual's credit (§ 559.72(3)); (3) disclosure of information affecting an individual's reputation to third parties when there is no business need to do so (§ 559.72(5)); (4) harassment of a debtor (§§ 559.72(7) & (8)); (5) the use of communications that simulate authorized legal or judicial process or that have the appearance of being authorized by a government, governmental agency or an attorney (§ 559.72(10)); (6) communications with a debtor under the guise of an attorney by using stationery of an attorney or forms only an attorney is authorized to prepare (§§ 559.72(11) & (12)); and (7) threats to publish before the general public the name of a debtor (§ 559.72(14)). See Fla. Stat. § 559.72.

raise an FCCPA claim. §559.77(4). Accordingly, the defendants are not in violation of the FCCPA and this Court should grant summary judgment for the defendants.

CONCLUSION

Defendants' motion for summary judgment should be granted because Rodriguez's complaint is barred by the *Rooker-Feldman* doctrine and Rodriquez, as a matter of law, has neither established an FDCPA nor an FCCPA claim surviving that doctrine.

WHEREFORE, defendants request that the Court enter in its favor and against plaintiff summary judgment and award defendant's attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) and Fla.Stat. §559.77(2), and other applicable rules and law, together with any other relief that the Court deems appropriate.

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 7th day of August, 2014, electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I also certify that the foregoing document is also being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing, to wit: Carlos Rodriguez, 1455 N. Treasure Dr., 5H, North Bay Village, FL 33141.

Hiday & Ricke, P.A.


By:/s/ Jeffrey R. Becker
Jeffrey Becker, Esquire
Post Office Box 550858
Jacksonville, FL 32255
(904) 363-2769  Fax: (904) 363-0538
Email: jbecker@hidayricke.com
Florida Bar No.: 792977
File No. 201401712