UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FILED by _____ D.C.
OCT 17 2014
STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

CARLOS RODRIGUEZ
    Plaintiff

Vs.                                CASE #:14-CV-61509-BLOOM/VALLE

HIDAY & RICKE P.A
JOSEPH MICHAEL ECKELKAMP Esq., Individually
DODGE ENTERPRISES INC
    Defendants

## AMENDED COMPLAINT

    Plaintiff, CARLOS RODRIGUEZ hereby sues Defendants HIDAY & RICKE P.A. JOSEPH MICHAEL ECKELKAMP Esq. and DODGE ENTERPRISES INC and alleges:

### PRELIMINARY STATEMENT

    1. This is an action for damages and injunctive relief brought by Plaintiff against Defendants for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 USC §1692 et seq., and for damages for violations of the Florida Consumer Collection Practices Act (FCCPA), FLA STAT§559 (Part VI).

    2. Upon belief and information, Plaintiff contends that many of these practices are widespread for some or all of the Defendants. Plaintiff intends to propound discovery to Defendants identifying these other individuals who have suffered similar violations.

    3. Plaintiff contends that the Defendants have violated such laws by harassing Plaintiff in attempts to collect an alleged and non-existing debt.

### JURISDICTION AND VENUE

    4. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d), Fla. Stat. §47.051 and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

    5. Venue is proper pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77. Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

1

6. This is an action for damages which exceed $6,000.00 dollars.

## PARTIES

7. Plaintiff, Carlos Rodriguez is a natural person and is a resident of the State of Florida

8. Upon information and belief Defendant HIDAY & RICKE P.A (H&R) is a Professional association, engaged in the practice of law, with its principal place of business at 4100 SOUTHPOINT DRIVE EAST STE3, JACKSONVILLE, FL 32216

9. Upon information and belief Defendant, JOSEPH MICHAEL ECKELKAMP Esq. (ECKELKAMP) is a natural person and member of The Florida Bar presently practicing law from offices located at 8201 PETERS RD STE 1000, PLANTATION, FL 33324.

10. Upon information and belief Defendant, DODGE ENTERPRISES INC (DODGE) is a Florida Profit Corporation located at 4100 SOUTHPOINT DRIVE EAST STE2, JACKSONVILLE, FL 32216

11. According to SUNBIZ.ORG, Defendant HIDAY & RICKE P.A is the Registered Agent for DODGE ENTERPRISES INC.

12. According to SUNBIZ.ORG, Defendants HIDAY & RICKE P.A and DODGE ENTERPRISES INC, conduct business out of the same address. Furthermore, up to August 4, 2006, Robert Hiday was the Director for Defendant DODGE and Plaintiff believe that Mr. Hiday still on the board of directors for Defendant DODGE.

13. All conditions precedent to the bringing of this action has been performed, waived or excused.

## FACTUAL ALLEGATIONS

14. Plaintiff is a natural person allegedly obligated, to pay a debt asserted to be owed or due a creditor.

15. Plaintiff's alleged obligation, owed or due, or asserted to be owed or due a creditor, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

16. On April 15, 2014, a <u>Continuing Writ of Garnishment against salary or wages</u> was served in a form of a Summons on GABLESTAGE INC; Plaintiff's employer.

17. GABLESTAGE INC was commanded to respond within 20 days to the above Summons or face a judgment against them for the amount of 5,702.68 plus accrued interests and costs which allegedly adds to 9,938.13.

18. GABLESTAGE INC was also order by Defendant H&R on a separate letter signed by ECKELKAMP, to start withholding Plaintiff's portion of his wages allegedly according to Florida Statute Chapter 77.

19. Trough service of Writ of Garnishment on Plaintiff's employer, Defendants told his employer that Plaintiff had a debt that he did not pay. Plaintiff was greatly embarrassed.

20. On April 28, 2014, Plaintiff filed a Notice of Dispute for case 2002-26876-cc-23 due to the garnishment procedures as required by 15 USC 1692g requesting validation of the alleged debt. A copy of said Notice was sent by certified mail to Defendants.

21. On the notice Plaintiff was requesting that "debt, or a portion thereof, is disputed; verification of the debt; the name and address of the original creditor and validation of the debt, to wit, the chain of title to the debt and a history of charges and payments thereon".

22. Furthermore, on the same day April 28, 2014, Plaintiff filed an affidavit of exemption by head of family and a Claim for exemption as required by FLA STAT 222.11 and 222.12 in order to stop the garnishment of his wages. A copy of these documents, were also sent by certified mail to the defendants. The court granted Plaintiff's exemption.

23. On **May 6, 2014**, Defendants continue their collection activities when they filed a Notice of Garnishment and Notice of Deposition requesting Plaintiff financial information before providing proper validation of debt.

24. On May 9, 2014, Plaintiff received an unsigned letter by Defendant H&R with a copy of an alleged judgment in favor of Sears Roebuck for 5,635.50.

25. On the above letter H&R claimed the balanced to be 9,942.64 and also Defendant DODGE claimed to be the assignee of Sears Roebuck. Alleged assignment was never provided to the Plaintiff as requested in his Notice of Dispute.

26. Plaintiff never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from anyone of the Defendants.

3

27. Defendants failed to send the 30 days Validation Notice 5 days after initial communication. Continuing Writ of Garnishment served on Plaintiff's employer On April 15, 2014 was first attempt to communicate.

28. As a result of Defendants' actions or inactions, Plaintiff has suffered actual damages including:

    a. Lost time;

    b. Embarrassment and humiliation; and

    c. Aggravation and frustration.

29. Plaintiff sent a notice on June 9, 2014 to Defendants H&R, ECKELKAMP and DODGE of their violations of the FDCPA and FCCPA. This was done as an effort to mitigate damages and reach a settlement for Defendants violations of Federal and State law before taking civil action.

30. On June 10, 2014, Plaintiff received an email from JOSEPH MICHAEL ECKELKAMP attempting to resolve this matter in the name of all Defendants. After a brief exchange of emails the parties did not get to solve their differences, therefore without any more options at hand, Plaintiff decided to take this matter to this Honorable court for resolution.

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY H&R, ECKELKAMP and DODGE

31. Plaintiff alleges and incorporates the information in paragraphs 1 through 30.

32. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a (3).

33. H&R, ECKELKAMP and DODGE are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a (6).

34. H&R, ECKELKAMP and DODGE violated the FDCPA. Defendants' violations include, but are not limited to the following:

    (a) H&R, ECKELKAMP and DODGE violated 15 U.S.C. §1692e by use of any other false, deceptive, or misleading representation or means in connection with the collection of a debt. Defendants attempted to garnish Plaintiff's wages before providing proper validation.

4

(b) H&R, ECKELKAMP and DODGE violated 15 U.S.C. §1692e (2) by falsely representing, the character, amount, or legal status of any debt. Plaintiff does not have any accounts with anyone of the Defendants. Furthermore, the alleged amount of the debt was never verified as requested by Plaintiff Notice of Dispute.

(c) H&R, ECKELKAMP and DODGE violated 15 U.S.C. §1692 e (5) threatening to garnish Plaintiff's salary knowing that this action cannot legally be taken before validation of debt.

(d) H&R, ECKELKAMP and DODGE violated.15 U.S.C. §1692 f, by attempting to garnish Plaintiff's salary, using an unfair or unconscionable mean to collect or attempt to collect an alleged and non-existing debt.

(e) H&R, ECKELKAMP and DODGE violated.15 U.S.C. §1692 f (1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. Defendants have failed to produce any documents that would prove the existence of any accounts and proper chain of title bearing Plaintiff's name.

(f) H&R, ECKELKAMP and DODGE violated 15 U.S.C. §1692 (g), by failing to send a **30 days validation notice before starting collection activities** Plaintiff never received any notices from defendants prior, during or after the garnishment attempts started. Plaintiff did not receive a dunning letter.

(g) H&R, ECKELKAMP and DODGE violated 15 U.S.C. §1692 (g) b, when after receiving Plaintiff's request for validation of debt, Defendants continue their garnishment attempts before responding to Plaintiff's inquire about the alleged debt.

WHEREFORE, Plaintiff demands judgment for damages against H&R, ECKELKAMP and DODGE for actual or statutory damages ,and punitive damages , attorney's fees and costs, pursuant to 15 U.S.C. §1692 K.

## COUNT II
### VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA) FLA STAT. §559(Part VI) BY H&R, ECKELKAMP and DODGE

35. Plaintiff alleges and incorporates the information in paragraphs 1 through 30.

36. Plaintiff is a consumer within the meaning of the FCCPA, Fla. Stat. §559.55(2).

5

37. H&R, ECKELKAMP and DODGE are debt collectors within the meaning of the FCCPA, Fla. Stat. §559.55(6).

38. Florida Statute 559.715 states: *This part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. However, the assignee must give the debtor written notice of such assignment as soon as practical after the assignment is made, but at least 30 days before any action to collect the debt. The assignee is a real party in interest and may bring an action to collect a debt that has been assigned to the assignee and is in default.* Defendants did not comply with Florida Rule 559.715 which is a condition precedent before commencing any collection attempts.

39. H&R, ECKELKAMP and DODGE violated the FCCPA Fla Stat §559.72(6), by disclosing information to Plaintiff's employer concerning the existence of a debt attempting to garnished his wages. Defendants knew that the alleged debt was reasonably disputed when they received Plaintiff's Validation request, but failed to disclose that fact to Plaintiff's employer

40. H&R, ECKELKAMP and DODGE violated the FCCPA Fla. Stat §559.72(9), Defendants claimed, attempted or threatened to enforce a debt by garnishing Plaintiff's wages before responding Plaintiff dispute. Defendants assert the existence of the legal right to collect by using garnishment procedures before providing proper validation of alleged debt. WHEREFORE, Plaintiff demands judgment for damages against H&R, ECKELKAMP and DODGE for actual or statutory damages ,and punitive damages  attorney's fees and costs, pursuant to Fla. Stat §559.77.

Respectfully submitted

Carlos Rodriguez
7455 N TREASURE DR 5H
NORTH BAY VILLAGE FL 33141
carrod5959@hotmail.com

Dated:  October 17, 2014

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing will be served by Certified US Mail this 17th day of October, 2014 to the party listed below.

Jeffrey R. Becker, Esq.
Florida Bar No. 792977
jbecker@hidayricke.com
HIDAY & RICKE PA
PO BOX 550858
JACKSONVILLE FL 32255
Telephone: 904-363-2769
Facsimile: 904-363-0538
Attorneys for Defendants