UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-61509-CIV-BLOOM/VALLE

**CARLOS RODRIGUEZ**,

     Plaintiff,

v.

**HIDAY & RICKE, PA**, *et al.*,

     Defendants.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This Matter was referred to the Honorable Alicia O. Valle, United States Magistrate Judge, for a Report and Recommendation on Plaintiff's Motion to Set Aside Mediation Agreement and Mediation Report, ECF No [53]. *See* ECF No. [55]. On March 31, 2015, Judge Valle, after having conducted a hearing on March 20, 2015, issued a Report and Recommendation recommending that Plaintiff's Motion be denied. *See* ECF No. [66].

Plaintiff has filed objections to the Report. *See* ECF No. [68]. Having considered Judge Valle's Report, Plaintiff's Objections, the record, the transcript of the hearing, and having made a *de novo* review of the portions of the report to which Plaintiff has objected, *see Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)), this Court finds Judge Valle's Report and Recommendation to be well reasoned and correct. The Court agrees with the analysis in Judge Valle's Report and Recommendation and concludes that Plaintiff's Motion is due to be denied.

Plaintiff's objections are twofold. First, Plaintiff challenges Judge Valle's credibility determinations. After an independent review of the entire record, including the complete

transcript of the evidentiary hearing, the Court adopts Judge Valle's credibility determinations. *See United States v. Watkins*, 760 F.3d 1271, 1284 (11th Cir. 2014) ("A district court is required to make a *de novo* determination, not to hold a *de novo* hearing.") (quoting *United States v. Raddatz*, 447 U.S. 667, 674 (1980) (alterations omitted)).

Second, Plaintiff seeks "clarification on the Mediation[] fees split," stating "he always complained to Mr. Heller about the way that the fees were split [because] the rule says that the fees should be split in equal parts between the parties." ECF No. [68] at 3. Plaintiff's concern, as stated in his Motion, is that he had to pay for half of the mediation, "and Dodge paid the other half. The other two parties, Mr. Eckelkamp and Hiday paid nothing." ECF No. [53] at 2. During the hearing, Plaintiff testified that it was agreed that the cost "would be divided amongst two people, them and me, fifty-fifty." ECF No. [65] at 37. Plaintiff was notified in advance of the mediation that he was paying for half of the cost of the mediation, and had to furnish a deposit prior to the mediation of his half of the cost of an estimated three hours to complete the mediation—$600. *Id.* at 58, 61; *see also* ECF No. [60-1] at 2. Plaintiff has not submitted any evidence, by testimony or otherwise, that any different arrangement existed for the payment of the mediation fees, and thus, the Court finds that Plaintiff's payment of one-half of the costs of mediation was appropriate.

For the foregoing reasons, it is **ORDERED and ADJUDGED** as follows:

1. Magistrate Judge Valle's Report and Recommendation, **ECF No. [66]**, is hereby **ADOPTED**, and Plaintiff's Objections, **ECF No. [68]**, are **OVERRULED**;

2. Plaintiff's Motion to Set Aside Mediation Agreement and Mediation Report, **ECF No. [53]**, is **DENIED**.

CASE NO. 14-61509-CIV-BLOOM/VALLE

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 20th day of April, 2015.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record

       Carlos Rodriguez, *Pro Se*
       1455 N. Treasure Drive, 5H
       North Bay Village, FL 33141